UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CASE NO.: 1:19-cr-00571-VEC

UNITED STATES OF AMERICA

v.

JOHN LAMBERT,
    a/k/a "Eric Pope,"

        Defendant.
_____/

### VICTIMS' MOTION FOR LEAVE TO APPEAR AS AN INTERESTED PARTY TO INVOKE PARTICIPATORY RIGHTS UNDER THE CRIME VICTIM'S RIGHTS ACT

    Centra Tech, Inc. ("Centra Tech") hereby moves, pursuant to Federal Rule of Criminal Procedure 60 and the Justice for All Act/Crime Victim's Rights Act, ("CVRA"), 18 U.S.C. § 3771, and the Mandatory Victim Restitution Act ("MVRA"), 18 U.S.C. § 3663A for leave to appear as an Interested Party in this Criminal Action so it may invoke its participatory rights afforded under the CVRA. Centra Tech, Inc., as a Victim in this Criminal Action, seeks to assert its right to voice it's concerns regarding the sentencing of the Defendant, John Lambert and seeks to obtain restitution in the amount of $11,780.00.

### BACKGROUND

    Centra Tech engaged the services of the Defendant, John Lambert, posing as an attorney named Eric Pope, Esq., in seeking legal counsel regarding securities advice[1]. Centra Tech had received a retainer agreement from the fictitious law firm of Pope and Dunn for those services[2]. Under the advice and guidance of the Defendant, Centra Tech was informed that its proprietary cryptocurrency, the Centra Token, was not a security as defined by federal statute and therefore SEC approval was not necessary. Further, the Defendant, provided Centra Tech with a fraudulent Form 8-K[3]. Unbeknownst to Centra Tech, the Defendant was not an attorney or capable of providing legal counsel. Centra Tech paid $11,780.00 for the advice and counsel of the

---

[1] *See* EXHIBIT A
[2] *See* EXHIBIT B
[3] *See* EXHIBIT C
4 *See* EXHIBIT D

Defendant[4]. The Defendant provided Centra Tech with legal advice that he was not qualified or licensed to provide and engaged in a scheme to defraud Centra Tech through his unlicensed practice of law.

## ARGUMENT

### I. The Court Should Permit Centra Tech to Appear as an "Interested Party" Asserting Victim's Participatory Rights Under the CVRA

"A victim is defined by the CVRA as "'a person directly and proximately harmed as a result of the commission of a Federal offense. . .'" *United States v. Nix*, 256 F. Supp. 3d 272, 277 (W.D.N.Y. 2017) (quoting 18 U.S.C. § 3771(e)(2)(A)). "It bears mention that victims' rights under the CVRA begin well before a conviction; thus, the status of 'victim' may be based on allegations rather than proof." *United States v. Saltsman*, No. 07-CR-641 (NGG), 2007 U.S. Dist. LEXIS 87044, at *1-3 (E.D.N.Y. Nov. 27, 2007) (citing *U.S. v. Turner*, 367 F. Supp. 2d 319, 326 (E.D.N.Y. 2005)).

Centra Tech was harmed as a result of the Defendant's false legal advice and representations. Accordingly, Centra Tech is a "victim" of Defendants' alleged federal crimes and, under the CVRA, is afforded "an array of substantive and participatory rights." *Jordan v. DOJ*, 173 F. Supp. 3d 44, 49 (S.D.N.Y. 2016) (citing *In re Rendon Galvis*, 564 F.3d 170, 174 (2d Cir. 2009)). Centra Tech seeks to invoke both its right to be "heard" in a public criminal proceeding and provide information for the Court to consider, as well as the right "to proceedings free from unreasonable delay." 18 U.S.C. §§ 3771(a)(3)–(4) and (7). Centra Tech requests leave to appear as an Interested Party to vindicate its right as a Victim to be heard under the CVRA at the sentencing of the Defendant. See *United States v. BP Prods. N. Am. Inc.*, No. H-07-434, 2008 U.S. Dist. LEXIS 12893, at *44 (S.D. Tex. Feb. 21, 2008) (the "CVRA right to be 'heard' [provides] a right for victims to provide information and opinions to the court") (citing *United States v. Ingrassia*, No. CR 04-0455 (ADS) (JO), 2005 U.S. Dist. LEXIS 27817, at *37 (E.D.N.Y. Sep. 7, 2005)).

Additionally, "[a]n order of restitution should not be granted that "has the effect of treating coconspirators as 'victims,' and thereby requires 'restitutionary' payments to the perpetrators of the offense of conviction," *United States v. Reifler*, 446 F.3d 65, 127 (2d Cir. 2006), but restitution "may not be denied simply because the victim had greedy or dishonest motives, where those ***intentions were not in pari materia*** with those of the defendant," *United States v. Ojeikere*, 545

F.3d 220, 223 (2d Cir. 2008) (emphasis added). "[A] defendant's restitution liability under the MVRA is capped at the actual loss incurred by his victims." *United States v. Thompson*, 792 F.3d 273, 280 (2d Cir. 2015).

## CONCLUSION

Based on the foregoing, Centra Tech, Inc. requests that this Honorable Court grant its request to appear as an "Interested Party" invoking participatory Victim's rights under the CVRA and be entered on the Record and order restitution in the amount of $11,780.00.

Dated: November 8, 2019

Respectfully Submitted,

/s/ Frank E. Gil
_____

FRANK E. GIL, ESQUIRE
Florida Bar No.  89645

The Law Office of Frank E. Gil, P.A.
5760 NW 72nd Avenue
Miami, Florida, 33166
frankgillaw@gmail.com
Tel: (305) 436-8005
Fax: (786) 232-3469

*Motion to Appear Pro Hac Vice Pending*