

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, NY 10007*

April 28, 2021

**BY ECF**

The Honorable Valerie E. Caproni
United States District Judge
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York 10007

    Re: *United States v. John Lambert*, 19 Cr. 571 (VEC)

Dear Judge Caproni:

    The Government respectfully writes in response to the Court's April 23, 2021 order (the "April 23 Order") in the above-captioned case, in which the Court directed the Government to answer certain questions and otherwise provide information relevant to the defendant's sentencing hearing, which is currently scheduled for May 11, 2021, at 11:00 a.m. The Court's questions and the Government's responses thereto appear below.

    1. **What are the components of the forfeiture amount?**

    As the Government has described in previous submissions, the primary way in which the Government identified the victims of the offense committed by the defendant was through records that the Government obtained related to a PayPal Holdings, Inc. ("PayPal") account (the "PayPal Account") that the defendant used in furtherance of his fraud. The defendant used the PayPal Account to receive payments from individuals and entities who had hired the defendant (using his alias, "Eric Pope") and his fictitious law firm ("Pope & Dunn") or consulting firm ("Headline Consulting") to provide supposed legal services. The PayPal Account was in the name of Headline Consulting.

    After the defendant pleaded guilty, the Government and defense counsel met and conferred regarding which if any payments reflected in the PayPal Account records were unrelated to the defendant's offense. The parties agreed that a small number of the payments were unrelated—primarily, payments that the defendant made to himself from another account, or that a family member who was not involved in the offense made to the defendant. The forfeiture amount included in the defendant's plea agreement was calculated by subtracting the foregoing payments from the total payments, which yielded a forfeiture amount of $46,654.50.

    After the defendant's guilty plea, the Government learned that Mr. W. Penn Little was also a victim of the defendant's offense, and that the defendant had defrauded Mr. Little of $480. Thus, the Government added $480 to the forfeiture amount contained in the plea agreement, which

April 28, 2021                                                                                                         Page 2
19 Cr. 571 (VEC)

yielded a forfeiture amount of $47,134.50, the amount encompassed by the proposed consent order of forfeiture that the parties signed and submitted to the Court on February 26, 2021.

2. **Did any of the victims make victim impact statements, other than Penn Little? The Government must also confirm that all victims have been informed (a) that the sentencing has been adjourned to Tuesday, May 11, 2021, at 11:00 A.M.; (b) that they may attend and make a statement, either in person or remotely; and (c) that they may participate remotely by using the dial in information listed on page 10 of the Court's January 28, 2021 Order, Dkt. 57.**

In or about 2019, the Government sent a victim notification letter to any victim listed in the PayPal Account records who could be identified based on information contained in the records or other information obtained during the Government's investigation. The Government subsequently followed up with certain such victims by email and phone on several occasions. The eight victims who responded to the Government's communications, and who provided information sufficient to confirm that they were victims of the defendant's offense, were listed in Schedule A to the proposed consent order of restitution that the parties signed and submitted to the Court on February 26, 2021, and which the Government requested be filed under seal. For purposes of this letter, the victims listed in Schedule A will be referred to sequentially and numerically, such that the first victim listed in Schedule A will be referred to as "Victim-1," the second as "Victim-2," and so forth.

As sentencing approaches, the Government has attempted to contact the eight listed victims to inform them of the participatory and related rights that the Court described in the April 23 Order. The Government has successfully contacted Victim-1, Victim-2, Victim-3, and Victim-8, and informed them of such rights. Victim-4 is Mr. Little, who has been actively participating in this case and monitoring the docket. The Government has left messages for Victim-5 and Victim-6. The Government has been unsuccessful in its attempts to contact or leave a message for Victim-7. The Government will continue attempting to contact Victim-5, Victim-6, and Victim-7 in the approximately two weeks before sentencing.

Of the listed victims whom the Government has contacted, only Victim-3 has indicated that they are interested in submitting a victim impact statement to the Court. Victim-3 has informed the Government that they will send the Government such a statement by on or before May 3, 2021, which the Government will send to the Court, and publicly file on the docket with any appropriate redactions.

April 28, 2021 Page 3
19 Cr. 571 (VEC)

3. **Was Mr. Lambert's co-conspirator prosecuted?  If so, the Government must provide information about his sentence and any restitution order.**

   The defendant's co-conspirator was not prosecuted.

                    Respectfully submitted,

                    AUDREY STRAUSS
                    United States Attorney

by: _____
                    Benjamin Woodside Schrier
                    Assistant United States Attorney
                    Southern District of New York
                    (212) 637-1062