USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 03/13/2024

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
UNITED STATES OF AMERICA,  :
                                                        :         19-CR-571 (VEC)
      -against-                :
                                                       : 
JOHN LAMBERT,  :        ORDER
                                                         :
                      Defendant.   :
------------------------------------------------------------ X

VALERIE CAPRONI, United States District Judge:

       WHEREAS on May 11, 2021, the Undersigned sentenced the Defendant principally to thirteen months imprisonment and three years of supervised release for conspiracy to commit wire fraud, *see* J., Dkt. 67;

       WHEREAS on March 13, 2024, the Defendant moved for early termination of his supervised release based on his good conduct during incarceration and supervised release, his payment in full of the restitution due, and timely payments toward the forfeiture amount, *see* Mot., Dkt. 75;

       WHEREAS this Court has broad discretion when deciding a motion to terminate a term of supervised release but must determine whether "such action is warranted by the conduct of the defendant released and the interest of justice," and consider the section 3353(a) sentencing factors, 18 U.S.C. §§ 3583(c), (e)(1); *see also United States v. Weiss*, No. 21-CR-457, 2022 WL 3214914, at *2 (S.D.N.Y. Aug. 9, 2022) (citing *United States v. Parisi*, 821 F.3d 343, 347 (2d Cir. 2016)); *United States v. Harris*, 689 F. Supp. 2d 692, 694 (S.D.N.Y. 2010); and

       WHEREAS the Guide to Judiciary Policy places a presumption in favor of granting a motion to terminate a term of supervised release brought by an individual who has completed at least eighteen months of supervised release and (1) is not a career criminal and has not committed a sex offense or an act of terrorism, (2) does not present a risk of harm to the public

or to any victims, (3) is without court-reported violations for at least one year, and (4) has demonstrated he or she can act in accordance with the law beyond the term of supervision, including by engaging in prosocial activities and receiving prosocial support, 8 Jud. Conf. of the U.S., Guide to Judiciary Pol'y § 360.20(c) (2022), https://jnet.ao.dcn/policy-guidance/guide-judiciary-policy/volume-8-probation-and-pretrial-services/part-e-post-conviction-supervision/ch-3-framework-effective-supervision#360_20.

IT IS HEREBY ORDERED that Mr. Lambert's motion for early termination of his supervised release is DENIED.  Mr. Lambert's sentence was below the applicable U.S. Sentencing Guidelines range of 15 to 21 months.  *See* Sentencing Tr., Dkt. 71 at 5–7.  Reducing his term of supervised release would not adequately reflect the seriousness of the offense, promote respect for the law, and afford adequate deterrence to criminal conduct.  18 U.S.C. § 3553(a).  Though Mr. Lambert asserts, in a conclusory way, that he is unable "to pursue additional career opportunities that are currently unobtainable due to" being on supervised release, he provides no evidence or explanation to substantiate this claim.

The Clerk of Court is respectfully directed to close the open motion at docket entry 75.

**SO ORDERED.**

Date:  **March 13, 2024**
          **New York, New York**

**VALERIE CAPRONI**
**United States District Judge**